UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

JS-6

**CIVIL MINUTES - GENERAL**

| Case No. | CV 15-5783 FMO (AFMx) | Date | August 31, 2015 |
|---|---|---|---|
| Title | Raymond Mott, Jr. v. Wells Fargo Bank, N.A., et al. | | |

| Present: The Honorable | Fernando M. Olguin, United States District Judge | |
|---|---|---|
| Vanessa Figueroa | None | None |
| Deputy Clerk | Court Reporter / Recorder | Tape No. |
| Attorney Present for Plaintiff(s): | Attorney Present for Defendant(s): | |
| None Present | None Present | |

**Proceedings:** (In Chambers) Order Remanding Action

On June 26, 2015, Raymond Mott, Jr. ("plaintiff") filed a Complaint in the Superior Court of the State of California for the County of Los Angeles against defendant Wells Fargo Bank, N.A., successor by merger with Wells Fargo Bank Southwest, N.A., f/k/a Wachovia Mortgage, FSB, f/k/a World Savings Bank, FSB[1] ("defendant") and Does 1 through 25. (See NOR at 1 & Exhibit ("Exh.") A ("Complaint")).  On July 30, 2015, defendant removed that action on diversity jurisdiction grounds pursuant to 28 U.S.C. §§ 1332 and 1441.

**LEGAL STANDARD**

"Federal courts are courts of limited jurisdiction.  They possess only that power authorized by Constitution and statute[.]" Kokkonen v. Guardian Life Ins. Co. of Am., 511 U.S. 375, 377, 114 S.Ct. 1673, 1675 (1994).  The courts are presumed to lack jurisdiction unless the contrary appears affirmatively from the record.  See DaimlerChrysler Corp. v. Cuno, 547 U.S. 332, 342 n. 3, 126 S.Ct. 1854, 1861 (2006).  Federal courts have a duty to examine jurisdiction sua sponte before proceeding to the merits of a case, see Ruhrgas AG v. Marathon Oil Co., 526 U.S. 574, 583, 119 S.Ct. 1563, 1569 (1999), "even in the absence of a challenge from any party." Arbaugh v. Y&H Corp., 546 U.S. 500, 501, 126 S.Ct. 1235, 1237 (2006).

In general, "any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or the defendants, to the district court[.]"  28 U.S.C. § 1441(a).  A removing defendant bears the burden of establishing that removal is proper.  See Gaus v. Miles, Inc., 980 F.2d 564, 566-67 (9th Cir. 1992) ("The strong presumption against removal jurisdiction means that the defendant always has the burden of establishing that removal is proper.") (internal quotation marks omitted); Abrego Abrego v. The Dow Chem. Co., 443 F.3d 676, 684 (9th Cir. 2006) (per curiam) (noting the "longstanding, near-canonical rule that the burden on removal rests with the removing defendant").  Moreover, if there

---

[1] Erroneously sued as Wells Fargo Home Mortgage.  (See Notice of Removal ("NOR") at 1-2).

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 15-5783 FMO (AFMx) | Date | **August 31, 2015** |
|---|---|---|---|
| Title | **Raymond Mott, Jr. v. Wells Fargo Bank, N.A., et al.** | | |

is any doubt regarding the existence of subject matter jurisdiction, the court must resolve those doubts in favor of remanding the action to state court. See Gaus, 980 F.2d at 566 ("Federal jurisdiction must be rejected if there is any doubt as to the right of removal in the first instance."). Indeed, "[i]f at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded." 28 U.S.C. § 1447(c); see Kelton Arms Condo. Owners Ass'n, Inc. v. Homestead Ins. Co., 346 F.3d 1190, 1192 (9th Cir. 2003) ("Subject matter jurisdiction may not be waived, and, indeed, we have held that the district court must remand if it lacks jurisdiction."); Washington v. United Parcel Serv., Inc., 2009 WL 1519894, *1 (C.D. Cal. 2009) (a district court may remand an action where the court finds that it lacks subject matter jurisdiction either by motion or sua sponte).

**DISCUSSION**

The court's review of the NOR and the attached state court Complaint makes clear that this court does not have diversity jurisdiction over the instant matter.[2] In other words, plaintiff could not have originally brought this action in federal court, as plaintiff does not competently allege facts supplying diversity jurisdiction. Therefore, removal was improper. See 28 U.S.C. § 1441(a); Caterpillar, Inc. v. Williams, 482 U.S. 386, 392, 107 S.Ct. 2425, 2429 (1987) ("Only state-court actions that originally could have been filed in federal court may be removed to federal court by the defendant.") (footnote omitted).

Defendant bears the burden of proving by a preponderance of the evidence that the amount in controversy meets that jurisdictional threshold. See Valdez v. Allstate Ins. Co., 372 F.3d 1115, 1117 (9th Cir. 2004); Matheson v. Progressive Specialty Ins. Co., 319 F.3d 1089, 1090 (9th Cir. 2003) (per curiam) ("Where it is not facially evident from the complaint that more than $75,000 is in controversy, the removing party must prove, by a preponderance of the evidence, that the amount in controversy meets the jurisdictional threshold. Where doubt regarding the right to removal exists, a case should be remanded to state court.") (footnotes omitted). Here, there is no basis for diversity jurisdiction because the amount in controversy does not appear to exceed the diversity jurisdiction threshold of $75,000. See 28 U.S.C. § 1332.[3]

Removal at this stage, i.e., on the basis of the "initial pleading," must be ascertainable from an examination of the four corners of the Complaint. See Harris v. Bankers Life and Cas. Co., 425 F.3d 689, 694 (9th Cir. 2005) (Notice of removal under the first paragraph of § 1446(b) "is determined through examination of the four corners of the applicable pleadings, not through

---

[2] Defendant seeks only to invoke the court's diversity jurisdiction. (See, generally, NOR).

[3] In relevant part, 28 U.S.C. § 1332(a) provides that a district court has diversity jurisdiction "where the matter in controversy exceeds the sum or value of $75,000, . . . and is between . . . citizens of different States" or "citizens of a State and citizens or subjects of a foreign state[.]" 28 U.S.C. §§ 1332(a)(1)-(2).

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 15-5783 FMO (AFMx) | Date | **August 31, 2015** |
|---|---|---|---|
| Title | Raymond Mott, Jr. v. Wells Fargo Bank, N.A., et al. | | |

subjective knowledge or a duty to make further inquiry. . . . If no ground for removal is evident in [the Complaint], the case is 'not removable' at that stage."). Here, the amount of damages plaintiff seeks cannot be determined from the Complaint, as the Complaint does not set forth a specific amount. (See Complaint at 10-12, "Prayer for Relief").

Defendant, however, asserts that "Plaintiff brings this action for declaratory and injunctive relief, including permanent injunctive relief[,]" (NOR at 6), and "injunctive relief under section 17200 to restrain unfair competition and business practices that plaintiff identifies as 'failing to review for him properly for a modification.'" (Id., quoting Complaint at ¶ 51 & Prayer for Relief at ¶ B). According to defendant, "[s]hould plaintiff prevail in this action, he would restrain the sale of the property where [defendant] seeks to recover on its $275,000 loan[,]" (id. at 7), which exceeds the jurisdictional threshold. (Id.).

The court is not persuaded that defendant has met its burden. As an initial matter, a close reading of the Complaint discloses that plaintiff is not seeking to permanently enjoin the foreclosure of his home. (See, e.g., Complaint at ¶¶ 52, 56 & Prayer for Relief). Instead, it appears that plaintiff is seeking a loan modification or, at a minimum, a review for a loan modification prior to any foreclosure. (See, e.g., id. at ¶¶ 57 & Prayer for Relief at ¶ E).

Even if plaintiff were seeking an injunction, defendant has nonetheless failed to show that the amount in controversy exceeds the jurisdictional amount. Defendant relies upon the deed of trust securing a loan in the amount of $275,000 to establish the amount in controversy. (See NOR at 6). This, however, is insufficient to show that the amount in controversy exceeds $75,000 since the deed of trust does not necessarily establish the value of the property. Rather, courts often look to either the fair market value of the property, see Reyes v. Wells Fargo Bank, N.A., 2010 WL 2629785, *5 (N.D. Cal. 2010); see, e.g., Delgado v. Bank of America Corp., 2009 WL 4163525, *6 (E.D. Cal. 2009) (defendants established the amount in controversy by "submit[ting] an affidavit claiming that an appraisal of the property . . . exceed[ed] $75,000."), or the amount of indebtedness. See Reyes, 2010 WL 2629785, at *5. While seemingly in a position to do so, defendant made no attempt to show either amount.[4] (See, generally, NOR at 6-7).

With respect to defendant's reliance on plaintiff's claims for statutory and economic damages, and attorney's fees, defendant proffers no evidence that might help the court determine whether the restitution and damages (and attorney's fees) alleged would fulfill the amount in controversy requirement. (See, generally, NOR at 6-7). Instead, defendant merely cites to plaintiff's claims for damages and demands for relief as proof, ipso facto, that the amount plaintiff

---

[4] Nor has defendant sought to place a value on plaintiff's claim for injunctive relief under Cal. Bus. & Prof. Code §§ 17200, et seq., which seeks an order "requiring Defendant[] to abstain from any further acts and practices found to constitute unfair competition[,]" (Complaint, Prayer for Relief at ¶ B), "unfair practices[,]" (id. at ¶ C), and "violations of the Homeowner's Bill of Rights[.]" (Id. at ¶ D).

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 15-5783 FMO (AFMx) | Date | August 31, 2015 |
|---|---|---|---|
| Title | Raymond Mott, Jr. v. Wells Fargo Bank, N.A., et al. | | |

seeks would meet the amount in controversy requirement. (See id.). Such unsubstantiated assertions, untethered to any evidence, cannot satisfy the amount in controversy requirement of § 1332(a). See Gaus, 980 F.2d at 567 (remanding for lack of diversity jurisdiction where defendant "offered no facts whatsoever . . . [to] overcome[ ] the strong presumption against removal jurisdiction, nor satisf[y] [defendant's] burden of setting forth . . . the underlying facts supporting the assertion that the amount in controversy exceeds [$75,000].") (internal quotations omitted) (emphasis in the original).

In sum, given that any doubt regarding the existence of subject matter jurisdiction must be resolved in favor of remanding the action to state court, see Gaus, 980 F.2d at 566, the court is not persuaded, under the circumstances here, that defendant has met its burden of proving by a preponderance of the evidence that the amount in controversy meets the jurisdictional threshold. See Matheson, 319 F.3d at 1090 ("Where it is not facially evident from the complaint that more than $75,000 is in controversy, the removing party must prove, by a preponderance of the evidence, that the amount in controversy meets the jurisdictional threshold. Where doubt regarding the right to removal exists, a case should be remanded to state court.") (footnote omitted); Valdez, 372 F.3d at 1118. Therefore, there is no basis for diversity jurisdiction.

**This order is not intended for publication. Nor is it intended to be included in or submitted to any online service such as Westlaw or Lexis.**

**CONCLUSION**

Based on the foregoing, IT IS ORDERED that:

1. The above-captioned action shall be **remanded** to the Superior Court of the State of California for the County of Los Angeles, 111 North Hill St., Los Angeles, CA 90012, for lack of subject matter jurisdiction pursuant to 28 U.S.C. § 1447(c).

2. The Clerk shall send a certified copy of this Order to the state court.

|  | 00 | : | 00 |
|---|---|---|---|
| Initials of Preparer | | vdr | |